# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NATHANIEL DOUSE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1038 NAB |
| | ) | |
| ST. FRANCOIS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant St. Francois County's motion to dismiss this 42 U.S.C. § 1983 action brought by pro se plaintiff for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, defendant's motion will be granted and this case will be dismissed.

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.* (quotations and citations omitted).

"The Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

## Discussion

Plaintiff brings this § 1983 case against St. Francois County, Missouri.[1] As defendant correctly states in its motion, St. Francois County is a political subdivision of the State of Missouri. A political subdivision generally cannot be held vicariously liable under 42 U.S.C. § 1983 for unconstitutional acts performed by its employees. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A political subdivision can only be held liable under § 1983 if a constitutional violation resulted from an official municipal policy or custom. *Id.*

Viewed in the light most favorable to plaintiff, and drawing all reasonable inferences in his favor, the Court finds that plaintiff's complaint does not allege that any constitutional violations resulted from an unofficial policy or custom of defendant St. Francois County. As a result, plaintiff's complaint fails to state a claim upon which relief can be granted, and will be dismissed.

Accordingly,

---

[1] St. Francois County was not properly served in this action, as the Summons is not signed by the Clerk of Court. *See* ECF No. 5-1. Nevertheless, defendant has entered its appearance and moved to dismiss the complaint. The Court will construe this as a waiver of service, and will rule on the motion to dismiss.

**IT IS HEREBY ORDERED** that defendant St. Francois County's motion to dismiss is **GRANTED**. [ECF No. 6]

**IT IS FURTHER ORDERED** that plaintiff's motions to proceed in forma pauperis are **DENIED** because plaintiff did not sign the motion and declaration under penalty of perjury. [ECF Nos. 4 and 5]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of October, 2018.

 _____
 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE